FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
2013 JAN -4 PM 12: 07
CLERK
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | |
|---|---|
| JAMES LACKEY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EAST CENTRAL REGIONAL )<br>HOSPITAL (TREATMENT TEAM), et al., )<br>)<br>Defendants. ) | CV 112-096 |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate at East Central Regional Hospital ("ECRH") in Augusta, Georgia, brought the above-captioned case pursuant to 42 U.S.C. § 1983. Because Plaintiff's complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e) & 1915A.

### I.    SCREENING OF THE COMPLAINT

#### A.    BACKGROUND

*Liberally* construing Plaintiff's complaint, the Court finds the following. Plaintiff names five Defendants in this case: (1) ECRH (Treatment Team); (2) Dr. Rozanna Tross; (3) Dr. Michael Vitacco; (4) Dr. Hayes; and, (5) Dr. Henley. (Doc. no. 1, pp. 1, 4.) Plaintiff

alleges that, on June 27, 2012, "while at court," a spokesman for ECRH "lied on the stand," and by doing so, "she mislead [sic] the court." (Id. at 5.) According to Plaintiff, the spokesman "[t]old a lie to get the court to keep [Plaintiff] further from a court date on [his] charge." (Id.) Plaintiff also alleges that the spokesman "didn't evaluate [him] correctly . . . or did, but denied [he] knew what [he] needed to know to be considered competent." (Id.) Plaintiff alleges that Defendant Vitacco assisted Defendant Tross in the evaluation, and that Defendants Hayes and Henley "assisted treatment team's judgment." (Id.) Plaintiff requests that the Court "correct the problem" and award him $10,000.00 in relief "for mental suffering due to stressing mentally and emotionally." (Id. at 6.)

### B. DISCUSSION

#### 1. Failure to State a § 1983 Claim

Liberally construing Plaintiff's allegations in his favor and granting him the benefit of all reasonable inferences to be derived from the facts alleged, the Court finds that Plaintiff's complaint fails to state a viable § 1983 claim against Defendants. Plaintiff alleges that Defendants were either dishonest about his competency or otherwise improperly evaluated him. Plaintiff fails to cite, and the Court is not aware, however, of any authority suggesting that such conduct rises to the level of a deprivation actionable under § 1983. To the contrary, at least one court considering similar claims that doctors provided "willfully false" testimony at a criminal competency hearing and committed "medical malpractice" in evaluating the plaintiff dismissed the claims because the plaintiff "[did] not allege a sufficient deprivation of [her] constitutional rights." See Bender v. City of New York, No. 09-CV-3286 (BSJ), 2011 WL 4344203, at *9 (S.D.N.Y. Sept. 14, 2011). On that basis alone,

2

Plaintiff's complaint is due to be dismissed for failure to state a claim upon which relief can be granted.

### 2. Failure to State a Claim for Damages

Moreover, to the extent Plaintiff seeks compensation for the mental pain and suffering he endured as a result of Defendants' conduct, "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). The Eleventh Circuit has unequivocally held that this provision applies to all federal claims, including constitutional claims. Harris v. Garner, 216 F.3d 970, 984-85 (11th Cir. 2000) (*en banc*); cf. Napier v. Preslicka, 314 F.3d 528, 532-33 & n.2 (11th Cir. 2002), *reh'g en banc denied*, 331 F.3d 1189 (11th Cir. 2003) (finding that § 1997e(e) bars § 1983 claim for emotional injuries alleged to have resulted from mistaken arrest).

In this case, Plaintiff does not contend that he suffered any physical injury resulting from Defendants' alleged false testimony or improper competency evaluation. Consequently, Plaintiff has failed to allege facts sufficient to satisfy the mandates set forth in § 1997e(e). Therefore, Plaintiff fails to state a claim upon which relief may be granted as to his request for monetary damages for his pain and suffering.

### 3. Failure to State a Claim for Injunctive Relief

Finally, Plaintiff requests that the Court "correct the problem." (Doc. no. 1, p. 6.) It is unclear whether Plaintiff is requesting that the Court have him released from his continued detention as he awaits a court appearance, or that the Court expedite the criminal proceedings which have been delayed by his competence determination. In either event,

however, § 1983 is not the appropriate cause of action for the relief sought.

The Supreme Court has held that § 1983 is the appropriate course of relief for a state prisoner "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973). A claim for injunctive relief that challenges the fact or length of Plaintiff's confinement, on the other hand, must be brought in a habeas petition. See Nelson v. Campbell, 541 U.S. 637, 643 (2004) (explaining that claims challenging *the fact* of confinement "fall within the 'core' of habeas corpus," while claims challenging the *conditions* of confinement may be brought in a civil rights action under 42 U.S.C. § 1983); Preiser, 411 U.S. at 500 ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release . . . , his sole federal remedy is a writ of habeas corpus."); see also Johnson v. Chisholm, CV 409-143, 2009 WL 3481904, at *1 (S.D. Ga. Oct. 28, 2009) (explaining that pretrial detainee seeking preliminary and permanent injunctions of his state criminal proceedings, dismissal of his state charges, and immediate release failed to advance a cognizable claim under § 1983 because his sole remedy was to file a habeas petition under 28 U.S.C. § 2241).

Similarly, when the relief sought is to be brought before the court in an ongoing state proceeding, a petition for habeas corpus relief is again the appropriate avenue. See Braden v. 30th Jud. Cir. Ct., 410 U.S. 484, 489-90 (1973) (explaining that petitioner raising a speedy trial claim, and seeking "enforcement of the Commonwealth's affirmative constitutional obligation to bring him promptly to trial," properly sought habeas corpus relief); see also

Rogers v. Florida, 3:08CV280/LAC/EMT, 2008 WL 2756400, at *2 (N.D. Fla. July 14, 2008) ("However, should Petitioner be seeking an order from this court directing the state court to expediently bring him to trial, then [habeas corpus] relief may be available.")

Here, as noted earlier, it is not clear what relief Plaintiff seeks with his request that the Court "correct the problem." (Doc. no. 1, p. 6.) Whether Plaintiff is requesting that the Court order his release or expedite his criminal proceedings, however, he is not entitled to such relief, even if he had stated a viable § 1983 claim.

### III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** that Plaintiff's complaint be **DISMISSED** for failure to state a claim upon which relief may be granted, and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 4th day of January, 2013, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE